**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BOJIDAR GEROGIEV BAKALOV,

Petitioner - Appellant,

vs.

O. LANE McCOTTER,

Respondent - Appellee.

No. 97-4023
(D.C. No. 96-CV-706)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Mr. Bakalov, an inmate appearing pro se, appeals from the dismissal of his habeas corpus petition pursuant to 28 U.S.C. § 2254. He sought relief from an inmate disciplinary hearing officer's finding that he sexually assaulted another inmate. In addition to challenging the hearing officer's finding and resulting 30-day sanction on due process grounds, he also challenged the conditions of his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

confinement.

The magistrate judge determined that Mr. Bakalov's action sounded under 42 U.S.C. § 1983, and concluded that Mr. Bakalov could not proceed in forma pauperis because he had filed at least three prior civil actions that had been dismissed as frivolous or failing to state a claim. See 28 U.S.C. § 1915(g); see also Mapp v. Dovala, Nos. 97-8050, 97-8072, 97-8106, 1998 WL 116179, at *1 (10th Cir. Mar. 17, 1998). The magistrate judge recognized that an inmate could file a § 1983 action in forma pauperis if the inmate "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), but necessarily concluded that such was not the case. Thus, the magistrate judge recommended that the petition be dismissed and that if Mr. Bakalov still wanted to bring a § 1983 action he would be required to pay the full filing fee. The district court agreed and Mr. Bakalov appealed. The district court denied him a certificate of probable cause. See 28 U.S.C. § 2253.

The district court correctly classified this action as arising under § 1983 because it is simply not a collateral attack on the fact or duration of Mr. Bakalov's confinement. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Section 1983 is of little assistance to Mr. Bakalov, however, because his sanction does not appear to implicate due process, see Sandin v. Connor, 515 U.S. 472, 485 (1995), and his

- 2 -

primary claim is barred under <u>Edwards v. Balisok</u>, 117 S. Ct. 1584, 1589 (1997), because it implies the invalidity of the disciplinary hearing officer's finding and sanction. With regard to the remaining conditions-of-confinement claims, the district court did not abuse its discretion in evaluating the petition and concluding that Mr. Bakalov was not under imminent danger of serious physical injury. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992). Thus, the district court did not err in dismissing the petition and requiring Mr. Bakalov to pay the $120.00 filing fee in advance if he wished to proceed under § 1983.

APPEAL DISMISSED. All pending motions are DENIED. This appeal is frivolous under 28 U.S.C. § 1915(g) and therefore constitutes a "prior occasion" within the meaning of that section.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge