

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Aryawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3673

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Aryawan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 888.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/888

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3673
_____

I PUTU YOGI ARYAWAN; YARNITA DARSANTI;
I PUTU ANDRE TORA YAVITA; IMADE AUDI KRISNA YAVITA;
MAHARINI MULA YAVITA; SARAWATI PUTRI YAVITA;
SANYA BRAHAM YAVITA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A98-776-270/271/272/273/274/275/276
(U.S. Immigration Judge:  Honorable Miriam K. Mills)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008
Before:   SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed:  July 7, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

I Puti Yogi Aryawan, the lead petitioner, along with his wife and their five minor

children (hereinafter "Petitioners") appeal the decision of the Board of Immigration

Appeals ("BIA) affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal to Indonesia. For the following reasons, we will deny their petition.

Petitioners are natives and citizens of Indonesia. Aryawan's wife, Yarnita Darsanti, converted to Hinduism from Islam in order to marry him. Their five children include twin boys with epilepsy and three daughters. In 2004, petitioners entered the United States on B-2 visitors visas and overstayed. In 2005, the government served petitioners with Notices to Appear, charging them as removable under INA § 237(a)(1)(B). They admitted the allegations and conceded the charges, but filed applications for asylum and withholding of removal, or, in the alternative, voluntary departure. On April 14, 2006, the IJ denied their asylum and withholding of removal claims, but granted their request for voluntary departure in lieu of removal. On August 13, 2007, the BIA affirmed without opinion. Petitioners timely appealed.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252(b). When the BIA affirms the IJ's decision without opinion, we examine the IJ's decision. See Partkya v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005). We review the IJ's factual findings for substantial evidence, and uphold those findings as conclusive unless the record evidence would compel a reasonable factfinder to conclude to the contrary. See 8 U.S.C. 1252(b)(4)(B); see Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003).

I.

In order to be eligible for a grant of asylum, petitioners must prove that they are "refugee[s]," meaning that they are people "outside any country of such person[s'] nationality . . . who [are] unable or unwilling to return to, and [are] unable or unwilling to avail . . . [themselves] of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42). Establishing eligibility for asylum on the basis of past persecution requires a showing of: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." Gao v. Ashcroft, 299 F.3d 266, 271-72 (3d Cir. 2002)(internal citation omitted). To establish eligibility on the basis of future persecution, applicants must demonstrate "that [they] have a genuine fear, and that . . . reasonable person[s] in . . . [their] circumstances would fear persecution" if returned to their native country." Id.

Petitioners claim that they suffered past persecution, because their twin sons were denied treatment for epilepsy on account of petitioner-wife's conversion to Hinduism from Islam, and that the lead petitioner suffered assaults from his wife's brother because of her religious conversion. As to the first ground, petitioners claim that medical personnel at two large hospitals in Jakarta refused to treat the twins' epilepsy after

3

learning of petitioner-wife's religious conversion. Evidently, the nurses inferred that she had converted, because unlike the other members of her family who have Hindu last names, hers is Muslim. Additionally, the petitioner-wife wrote on hospital forms that she was Hindu, and her ID card also indicated her religion. Nurses at both hospitals criticized the petitioner-wife for her religious conversion, implying that her son's epilepsy was a curse, and that they should instead seek the assistance of a shaman in Bali.

With regards to the second ground, the lead petitioner testified that he was assaulted on two different occasions by his brother-in-law, a member of a "fanatic Muslim" organization, over his wife's conversion. He also testified that he never reported the assaults to the authorities, "Because in Indonesia, we rely on our families to settle our problems."

Our review of the record reveals that substantial evidence supports the IJ's conclusion that these claims cannot avail the petitioners of eligibility for asylum under 8 U.S.C. § 1101(a)(42). As the IJ noted, the petitioners have not shown that the discrimination they experienced at the hospital was condoned by the government either explicitly or by its acquiescence. As to the lead petitioner's claim that he suffered persecution from his wife's family on account of her religious conversion, substantial evidence supports the IJ's conclusion that these instances of assault were nothing more than a private, family matter. A private matter only rises to the level of persecution for the purposes of asylum when it is committed by forces that the government is unwilling

4

or unable to control. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Not only has the lead petitioner failed to show government acquiescence in the private assaults inflicted upon him by his brother-in-law, but he refused to involve the authorities in the incident. As he testified, "we rely on our families to settle our problems."

Additionally, we find substantial evidence supporting the IJ's conclusion that the petitioners have failed to established a well-founded fear of persecution, because they have not carried their burden of proving that the danger of their twins' being denied treatment account of their mother's religious conversion is countrywide. 8 U.S.C. § 1101(a)(42). As the IJ noted, the petitioners' failed to seek out medical treatment at any of Indonesia's other hospitals aside from the two they visited in Jakarta and the one in Bali. Moreover, neither the petitioners nor the State Department Reports show that Hindus or other non-Muslims are being denied medical treatment throughout Indonesia on account of their religion. Therefore, substantial evidence supports the IJ's conclusion the petitioners are ineligible for asylum, because they have failed to prove that they have faced persecution or a have a well-founded fear of persecution on account of their Hindu religion. Accordingly, we will deny their petition for review on this claim.

II.

In order to qualify for withholding of removal, petitioners must prove that it is more likely than not that their "[lives] or freedom would be threatened in that country because of [their] race, religion, nationality, membership in a particular social group, or

political opinion." 8 U.S.C. § 1231(b)(3); <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 469 (3d Cir. 2003). If the applicants cannot demonstrate past persecution, they must show that "in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground. <u>See</u> 8 C.F.R. § 208.16(b)(2).

We find substantial evidence supporting the IJ's conclusion that the petitioners have not demonstrated that it is more likely than not that their lives or freedom would be threatened if they return to Indonesia because of the petitioner-wife's religious conversion and the family's Hindu religion. As we have noted, in light of their failure to seek out treatment at other large hospitals in Indonesia, the fact that two large hospitals in Jakarta refused to treat the twins does not rise to the level of past persecution, and it does not suggest that they will be denied treatment in the future. Moreover, as the IJ pointed out, the evidence does not support a finding that there is a pattern or practice of denying medical treatment to non-Muslims or religious converts in Indonesia. Nor are the two occasions of assault against the lead petitioner by his brother-in-law availing as examples of past persecution under this standard, given that the evidence shows only that these incidents were private, family matters. Accordingly, we will deny their petition for review on this claim.