FILED
United States Court of Appeals
Tenth Circuit

November 13, 2008

Elisabeth A. Shumaker
Clerk of Court

ANTHONY L. DAVIS,

     Plaintiff - Appellant,

v.

ELIZABETH L. RICE, Secretary of
Corrections Designee, individually and
as an employee for the Kansas
Department of Corrections; SAM
CLINE, Warden, Hutchinson
Correctional Facility, individually and
as an employee for the Kansas
Department of Corrections;
JOHN/JANE DOES, employees, in
their individual and official capacities;
KANSAS DEPARTMENT OF
CORRECTIONS, a municipality
corporation entity/adjunct political
subdivision of the state of Kansas;
DON LANGFORD, Deputy Warden,
in his individual and official capacity;
(FNU) VANHOOSE, Deputy Warden,
in his individual and official capacity;
J. WILLS, Classification Manager, in
his individual and official capacity;
(FNU) RODRUGUEZ, CCI, Unit
Team, in his individual and official
capacity; (FNU) JARVIS, CCI, Unit
Team, in his individual and official
capacity;(FNU) BEIR-WEIR, CCI,
Unit Team, in his individual and
official capacity; (FNU) HACKNEY,
CCI, Unit Team, in his individual and
official capacity; (FNU) BARR, CCI,
Unit Team, in his individual and
official capacity; PAUL FELECIANO,

No. 08-3164
(D.C. No. 08-CV-03063-SAC)
(D. Kan.)

Kansas Parole Board, in his individual and official capacity; ROBERT SANDER, Kansas Parole Board, in his individual and official capacity; PATRICIA BIGGS, Kansas Parole Board, in her individual and official capacity; LIBBY SCOTT, Kansas Parole Board, in her individual and official capacity; (FNU) HONEYCUTT, SST Officer, in his individual and official capacity; (FNU) ANDERSON, CCI Officer, in his individual and official capacity; (FNU) FOSTER, CCI Officer, in his individual and official capacity; (FNU) BALLHAGEN, CCI Officer, in his individual and official capacity; (FNU) CRITES, CCI, in his individual and official capacity; (FNU) CASE, CCI Officer, in his individual and official capacity; STEVE SCHNEIDER, Grievance Administrator, in his individual and official capacity; JON GRAVES, Attorney, in his individual and official capacity; (FNU) LUDWICK, CCI, Unit Team, in his individual and official capacity,

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Plaintiff-Appellant Anthony L. Davis appeals the district court's order denying his motion in this civil rights action to proceed in forma pauperis (IFP) based on the imminent danger exception in 28 U.S.C. § 1915(g). The district court found that Mr. Davis has "on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); see 1 R. Doc. 4; 1 R. Doc. 6. In this appeal, Mr. Davis does not challenge his status as an inmate with "three strikes," and we take judicial notice of his prior dismissed actions, as discussed in the district court's previous order. 1 R. Doc. 4, at 1-2 (citing Davis v. Bacon, 234 Fed. App'x 872, 874 (10th Cir. 2007)); see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of prior litigation reflected in orders). "Because plaintiff has accrued three strikes, he [is] no longer . . . able to proceed in forma pauperis in any civil action or appeal filed in a federal court unless he 'is under imminent danger of serious physical injury.'" Davis, 234 Fed. App'x at

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

- 3 -

874 (quoting 28 U.S.C. § 1915(g)). Because the denial of IFP effectively ends the litigation, we review that denial as a collateral order and for an abuse of discretion. Lister v. Dep't of Treasury, 408 F.3d 1309, 1310-11, 1312-13 (10th Cir. 2005).

The issue we must address is whether, through the factual allegations of his complaint, Mr. Davis has satisfied the "imminent danger" exception in 28 U.S.C. § 1915(g). In making our determination, "we look to the complaint, which we 'construe liberally and the allegations of which we must accept as true.'" Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006) (quoting Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)). To satisfy the "imminent danger" exception, a complainant must offer "*specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Fuller v. Wilcox, 2008 WL 2961388, at *1 (10th Cir. Aug. 4, 2008) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. Id.; see White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). In other words, the injury must be "imminent or occurring at the time the complaint is filed." Fuller, 2008 WL 2961388, at *1 (quoting Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)).

Liberally construing Mr. Davis's motion, the district court denied Mr. Davis leave to proceed IFP. In doing so, the court found that Mr. Davis failed to

identify an "ongoing, real, or proximate threat to his personal safety." 1 R. Doc. 6, at 3. In his complaint, Mr. Davis alleged that he was placed in imminent harm after prison employees disclosed his status as an informant to other prisoners, which resulted in threats to him. Unlike the cases he cites in support, see Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvi, 239 F.3d 307 (3d Cir. 2001); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998), Mr. Davis has failed to allege any evidence of actual attacks or threats by other inmates or provide any documentary evidence of such imminent danger. In fact, as a result of his initial allegations, prison staff placed Mr. Davis in segregation, away from other prisoners, in an effort to ensure his safety. Upon a full review of the record, we agree with the district court that Mr. Davis has failed to offer any specific allegations of imminent danger due to prison officials' alleged revelations that he acted as an informant.

Therefore, because Mr. Davis has neither paid the underlying district court filing fee[1] nor alleged sufficient allegations to satisfy the "imminent danger"

---

[1]We do, however, recognize that Mr. Davis has paid the $455 appellate filing fee.

exception to § 1915(g), the district court's order is

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge