**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6903**

———————

WARREN CHASE,

Plaintiff - Appellant,

v.

GOVERNOR MARTIN J. O'MALLEY; LIEUTENANT ANTHONY G. BROWN;
SECRETARY GARY D. MAYNARD; ACTING CHIEF JUDY PRESTON; RACHEL
QUEEN,

Defendants - Appellees.

———————

**No. 11-7192**

———————

WARREN CHASE,

Plaintiff - Appellant,

v.

WARDEN,

Defendant - Appellee.

———————

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:11-cv-01414-CCB; 1:08-cv-01790-CCB)

———————

Submitted:  February 10, 2012      Decided:  February 17, 2012

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Warren Chase, Appellant Pro Se.  Stephanie Judith Lane Weber, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Warren Chase appeals a district court order dismissing his complaint because he did not show that he was in imminent danger of serious physical injury (No. 11-6903), see 28 U.S.C. § 1915(g) (2006), and an order dismissing complaints that were consolidated by the court (No. 11-7192). We affirm.

### No. 11-6903

This court reviews de novo a district court's finding that the "three striker" did not show that he was in imminent danger of serious physical injury in order to proceed under 28 U.S.C. § 1915(g) (2006). Andrews v. King, 398 F.3d 1113, 1118 (9th Cir. 2005); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Under the Prison Litigation Reform Act, a prisoner who brings a civil action or an appeal who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed without prepayment of fees unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). It is undisputed that Chase is a "three striker."

We note that "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . Moreover, the exception focuses on the

3

risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citations omitted); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (imminent danger must exist at the time the plaintiff files the complaint). In Martin, the court stated that an inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

We have reviewed the record and affirm the district court's order. We conclude Chase did not make specific allegations that would support a finding that when he filed his complaint he was in imminent danger of serious physical injury.


No. 11-7192

Chase filed a series of complaints and other filings that were consolidated by the district court. He alleged that his food was poisoned by prison guards, that he was being denied his meals and that his incoming and outgoing legal mail was being destroyed by prison authorities or being tampered with. The district court dismissed the allegations regarding the prison meals under the doctrine of res judicata, because Chase raised these allegations in a prior complaint dealing with the

same time period. The court also found that Chase's allegations concerning his mail were without merit.

This court limits review to issues raised in the informal brief. See 4th Cir. R. 34(b). Issues not raised in the brief are considered abandoned. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (concluding that issues not raised in opening brief are deemed abandoned).

In his pro se informal brief, Chase does not challenge the finding that he previously litigated his claim regarding the treatment of his meals to his detriment. Accordingly, we consider the issue abandoned.

We also conclude that the district court did not err in finding that Chase's claim regarding his legal mail was without merit. In order to establish a claim of denial of access to the courts, an inmate cannot rely on conclusory allegations but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Chase failed to allege any actual injury resulting from the alleged conduct of prison authorities with regard to his legal mail.

Accordingly, we affirm the district court's orders. We also deny as moot the motion to consolidate. We also deny the motion for a TRO/Protective order. We dispense with oral argument because the facts and legal contentions are adequately

5

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED