BLD-090                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2195
_____

VICTOR CHARLES FOURSTAR, JR.,
                                        Appellant

v.

KEVIN ECKROTH; AL FARLEY; TOM DIEHL;
JAYNE KAHNE; JAMES SAMPLES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00615)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR, Circuit Judges

(Opinion filed: January 30, 2013)
_____

OPINION
_____

PER CURIAM

    Victor C. Fourstar, Jr., appeals from an order of the United States District Court

for the Middle District of Pennsylvania, which denied his motion to proceed in forma

pauperis (IFP), and dismissed his civil rights complaint without prejudice.[1] The District

Court denied the motion to proceed IFP, pursuant to 28 U.S.C. § 1915(g), because

Fourstar has had three or more cases dismissed as frivolous or for failure to state a claim

upon which relief may be granted. A prisoner with three such "strikes" may not proceed

without prepayment of fees unless he can show "imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). The District Court determined that Fourstar had failed to

make that showing. We agree.

Our review of the District Court's application of § 1915(g) is de novo. Gibbs v.

Cross, 160 F.3d 962, 964 (3d Cir. 1998). To show imminent danger, a prisoner must

show the danger is imminent at the time he files his complaint. "Allegations that the

prisoner has faced imminent danger in the past are insufficient to trigger this exception to

§ 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."

Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) (quoting Ashley

v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998)).

Here, Fourstar alleged in his IFP motion in the District Court that on February 23,

2012, about 6 weeks before the complaint was filed, another inmate had planned to

---

[1] Fourstar's complaint alleged "First Amendment claims of interference with mail and denial of access to the courts, as well as due process violations arising out [of] his incarceration at the United States Penitentiary at Canaan, Pennsylvania." District Court Order, April 9, 2012, at 1.

assault him, because Fourstar is serving time for a sex crime. However, prison officials learned of the plan and thwarted the attempt by moving Fourstar to segregated detention. Fourstar also alleged that prison officials conspired to delay and impede his legal filings, so that he would not be able to collaterally challenge his conviction. He argued that unless he could get his conviction overturned, he would continually be subject to imminent danger.

Although Fourstar may have faced danger of assault in February 2012, prison officials were able to prevent any harm. By the time he filed his complaint, Fourstar was not in danger of being assaulted by the inmate who had threatened him. Fourstar's conviction may subject him to an increased risk of harm at the hand of fellow inmates, but Fourstar's IFP motion did not contain any information showing that he was in imminent danger of any serious physical injury at the time he filed his complaint.

For the foregoing reasons we will affirm the District Court's order.[2]

---

[2] All pending motions are denied, except for the motion for an extension of time to pay the appellate filing fees. Because Fourstar did not pre-pay the District Court's fees or show that he was in imminent danger at the time he filed the complaint, we cannot reach the merits of his complaint, nor can we address his related requests for injunctive relief filed in our Court. Similarly, we lack the authority to "amend" Fourstar's complaint. To the extent Fourstar seeks a nunc-pro-tunc extension of time to pay the fees for this appeal, the motion is granted. The District Court has received and docketed his payment of $455.00 for this appeal. Dkt. #9.