BLD-289 and BLD-290                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4135
_____

ALTON D. BROWN,
                    Appellant

v.

TOM WOLF; JOHN E. WETZEL; DANIEL BURNS; ROBERT GILMORE;
DEPUTY DIALESANDRO; MAJOR LEGGETT; MIKE ZAKEN; A. J. MORALS;
SGT. TROUT; SGT. TIKEY; CAPT. SCHRADER; MICHAEL TROYAN;
LT. MEDVIC; CAPT. DURCO; S. SILBAUGH; C.O. KELLER; C.O. E.T. GUMBERT;
TRACY SHAWLEY; DEAN GEEHING; KAREN PATTERSON; JAYME E.
GARDNER; DORINA VARNER; CORRECT CARE SOLUTIONS; B. JIN; IRMA
VIHLIDAL; DR. PARK; DR. ALPERT; DR.  MALHI; LT. STICKLES; C.O.
MIHALSKY; K. PETTY;NIURSE  J. WATSON; NURSE WHITMEYER; FELTON;
TODD H. FUNK; NEDRA GREGO; MARGARET GORDAN; JOHN MCANANY;
CHRISTOPHER H. OPPMAN; KYLE GUTH; S. LIBERATORE; B. JORDAN;
DR. CARL KELDIE; C.O. AMHOFF; PHARMACIST
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-01081)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

_____

No. 16-4136
_____

ALTON D. BROWN,
                    Appellant

v.

WEXFORD HEALTH SOURCES, INC.; CORIZON HEALTH, INC.;
CORRECT CARE SOLUTIONS, LLC; DR. B. JIN; MS. E. MWAURA;
PAUL DASCANI; JAWAD A. SALAMEN; ESTHER L. MATTES;
JOHN N. ROBINSON; TYSON D. GILLMEN; CHRISTINA B. DOLL;
RONALD A. LONG; ROB PRICE; DEB CUTSHALL; W. A. MYERS;
P. HALLWORTH; FELIPE ARIAS; JULIE KNAVER;
MYRON STANISHESKI; M. MCDONALD; R. BLATT;
RICHARD STEFANIC; V. CAPONE; LISA GONZALEZ;
DOCTOR PARK; J. BEABOUT; SUSAN LIGHTBOURN;
JACK ZIMMERLY; J. DEFRANGESCO; RAY MACHAK;
C. AGRA; STEPHEN KAMINSKY; C. KEPHART

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-00627)
District Judge:  Honorable Cathy Bissoon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 22, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: August 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alton D. Brown, an inmate at SCI-Greene, appeals from two orders denying his applications to proceed in forma pauperis ("IFP") in connection with two complaints he filed in the United States District Court for the Western District of Pennsylvania.

Because Brown has at least "three strikes" under 28 U.S.C. § 1915(g), he can proceed IFP only if he is "under imminent danger of serious physical injury." § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). In each case here, the Magistrate Judge determined that Brown had not shown that he was in imminent danger of serious physical injury, and the District Court adopted the Magistrate Judge's Report and Recommendation over Brown's objections.[1] As we conclude that the District Court erred in determining that Brown was not under imminent danger of serious physical injury at the time he filed his complaints,[2] we will summarily vacate the District Court's decisions and remand for further proceedings.[3]

---

[1] We granted Brown the privilege of proceeding IFP on appeal, finding that he had shown that he was in imminent danger of serious physical injury in his filings here. Brown argues that our IFP decision is dispositive of the issues on appeal. But we must decide whether the District Court abused its discretion based on the information that *it* had in making the decisions.

[2] There is no question that Brown qualifies financially to proceed IFP.

[3] We have jurisdiction under 28 U.S.C. § 1291 to review the ruling denying IFP status, see Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc), and our review is for abuse of discretion, see Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). "A district court abuses its discretion when its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009) (internal quotation marks omitted). Summary action is appropriate when no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A.      D.C. Civil No. 16-cv-01081

The complaint that Brown sought to file in D.C. Civil No. 16-cv-01081 concerned his medical treatment at SCI-Greene for prostate issues. Brown alleged that test results indicated that he had prostate cancer, but that the doctor suggested a prostate biopsy before treatment would commence. Brown's complaint stated that he requested the following in order to make an informed decision:

> (i) access to his medical record; (ii) access to his medical books; (iii) access to the law library computer (to conduct medical research); and (iv) protection from the continuous abusive attacks he had been subjected to by retaliating security and medical staff since his 5/11/15 incarceration at SCI-Greene (said attacks are also partially motivated by racial hate.)

Complaint at ¶ 10. The Magistrate Judge found, and the District Court agreed, that Brown's "own submissions demonstrate that he has repeatedly refused medical care offered by the Defendants to treat his prostate cancer," and that it thus was Brown's "own refusal to obtain treatment—and not any actions by the Defendants—that has placed [Brown] in 'imminent danger.'" Dist. Ct. Order, Dkt. #8 at 1-2.

We agree with the District Court that an inmate should not be able to consciously create the situation that places him in imminent danger. But here, Brown alleged that he was refusing treatment because he is not being given enough information to allow him to give his informed consent. Brown noted that "Appellees ha[ve] offered to treat the cancer, but first want to conduct a prostate biopsy, which is an invasive diagnostic procedure." Brown argued that he has a right under Department of Corrections policy, state law, and the U.S. Constitution "to such information as is reasonably necessary to

4

make an informed and prudent decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available, in accordance with state law and health codes, and prison rules and regulations." Complaint at ¶ 23. He alleged that he has been denied such information because of the Appellees' desire to punish him on account of his litigious behavior. As exhibits to his complaint and his objections to the Magistrate Judge's report, Brown provided copies of several grievances he had filed in his attempts to gain access to his medical records. He also complained about what he characterized as falsification of his records—although the records stated that he was refusing treatment, he stated that in reality he was exercising his right of informed consent before making a decision regarding the proposed care.

Brown alleged that Appellees' failure to provide him with adequate information has "resulted in his inability to be treated, or make an informed decision of whether to accept or reject the diagnostic/treatment offered." Brown alleged that his condition is "worsening at a rapid pace," referring to worsening Prostate-Specific Antigen ("PSA") scores,[4] and stated that the "cancer is causing pain, suffering, mental anguish, and stress." Brown's complaint alleged that "he has been exhibiting signs of cancer since his housing at SCI-Greene, including substantial and continuous weight loss, bleeding from penis and

---

[4] Brown's complaint alleged that his PSA scores went from 3.69 in November 2006 (under 4.0 is generally regarded as normal) to 11.66 in August 2011, 15.43 in January 2012, and 57.65 in April 2016. According to the National Cancer Institute, "[i]n general, . . . the higher a man's PSA level, the more likely it is that he has prostate cancer," and a "continuous rise in a man's PSA level over time may also be a sign of prostate cancer," although there are various factors unrelated to cancer that might cause a man's PSA to

rect[um], and involuntary ejections of waste and blood from his rect[um] and penis."
Complaint at ¶ 15.

"Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting." White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990); see also Pabon v. Wright, 459 F.3d 241, 249 (2d Cir. 2006) (adopting holding in White). Further, at the IFP stage, courts generally accept the litigant's claims as true, although "they may in fact be bogus," as "§ 1915(g) is not a vehicle for determining the merits of a claim." See Ciarpaglini v. Saini, 352 F.3d 328, 330, 331 (7th Cir. 2003); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) ("We stress at the outset that § 1915(g) concerns only a threshold procedural question—whether the filing fee must be paid upfront or later. Separate PLRA provisions are directed at screening out meritless suits early on. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).").

Brown's allegations that he has been denied information to allow him to make an informed decision, coupled with his allegations of serious medical issues, facially show that he was at imminent risk of serious physical injury at the time he filed the complaint. See Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (holding that a serious disease, like Hepatitis C, that could result in serious harm or death, is a "serious

rise. https://www.cancer.gov/types/prostate/psa-fact-sheet.

physical injury"); <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004) (describing the failure to treat HIV and hepatitis as causing imminent danger of serious physical injury); <u>Vandiver v. Prison Health Servs., Inc.</u>, 727 F.3d 580, 587 (6th Cir. 2013) (incremental harm resulting from failure to treat chronic condition may satisfy § 1915(g) standard). We conclude that the District Court abused its discretion in denying Brown's application to proceed IFP.

      B.    <u>D.C. Civil No. 16-cv-00627</u>

In D.C. Civil No. 16-cv-00627, Brown sought to file a complaint regarding medical treatment at SCI-Greene for Hepatitis C. Brown's complaint states that he had previously refused treatment because of the numerous side effects of Interferon treatment. Complaint at ¶ 19. Brown alleges that he then "decided to gamble and accept medical treat[ment]," but his "attempts to obtain medical treatment during the past four years . . . ha[ve] been flatly denied by Defendants . . . for non-medical reasons." Complaint at ¶¶ 20-21. The District Court declined to accept Brown's allegations as true, given his frequent complaints about insufficient or inadequate medical care. Report and Recommendation, Dkt. #2, at 5-6. But while Brown's allegations in previous cases may have been insufficient to show that he was in imminent danger of serious physical injury, we conclude that the District Court abused its discretion in *this* case.

Hepatitis C is a serious, potentially fatal disease. In his complaint, Brown alleges that "[a]s a result of the Defendants' refusal to provide comprehensive, complete, and adequate diagnosis and treatment . . . he now suffers from intense recurring pain in the

7

stomach/liver area; progressive weight lost, which has intensified since being housed at SCI-Greene, where he has lost approximately 40 lbs since May 11, 2015; and worsening symptoms mentioned at paragraph No. 20 (which continues)."[5] Complaint ¶ 28. These are not trivial symptoms. And his allegation that SCI-Greene is refusing him *any* medical treatment for his Hepatitis C, if true, puts Brown in imminent danger of serious physical injury.[6] The District Court thus abused its discretion in denying Brown's IFP motion.

<u>Conclusion</u>

For the foregoing reasons, we will vacate the District Court's orders denying Brown the privilege of proceeding IFP, and will remand for further proceedings. We express no opinion as to the merit of either of Brown's complaints.

---

[5] The symptoms Brown lists in ¶ 20 are "flu-like illness; headaches; indigestion; diarrhea; liver pain; frequent urination; night sweats; depression; [and] kidney and urinary tract complications."

[6] We take judicial notice that the adequacy of the Pennsylvania Department of Corrections' Hepatitis C Treatment Protocol is at issue in a number of cases. <u>See, e.g.</u>, <u>Abu-Jamal v. Wetzel</u>, M.D. Pa. Civ. No. 16-cv-02000, Dkt. #23, Mem. Op., at 30 (Jan. 3, 2017) (granting preliminary injunction); <u>Chimenti v. Pa. Dep't of Corr.</u>, E.D. Pa. Civ. No. 15-cv-03333, Dkt. #26, Mem. Order, at 3-4 (Mar. 21, 2016) (describing allegations that treatment protocol operated to deny any treatment to inmates with Hepatitis C infections).