**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RUSSELL M. BOLES,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; CHARLENE
CROCKET; KRISTY HOLJENIN;
MAJOR ZWIRN; RABBI YISROEL
ROSSKAMM; CAPTAIN KENNETH
PHIPPS; CAPTAIN CYRUS
CLARKSON; LT. IAN BARNES; LT.
TAYLOR; LT. MATTHEW POWELL;
LT. DERRICK ROBERTS; DOCTOR
BRYAN REICHERT; GARY WARD;
REIDER MAY; NICOLE WILSON; DOC
ACCOUNTING PERSONNEL; GTL;
CAPTIAIN J. DORCEY; LT. CUSTER;
MS. FULLER; LIEUTENANT SHAWNA
NYGAARD,

    Defendants - Appellees.

No. 19-1314
(D.C. No. 1:19-CV-01158-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.[**]
_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

Plaintiff Russell Boles, a state prisoner proceeding pro se, filed a complaint in the district court against the Colorado Department of Corrections and numerous prison officials, asserting violations of his rights under the Constitution and federal law. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The magistrate judge noted that Plaintiff had accrued three "strikes," meaning that, while incarcerated, he had previously brought three civil actions or appeals in federal courts that were dismissed as frivolous or for failure to state a claim. Accordingly, the magistrate judge ordered Plaintiff to show cause why his IFP motion should not be denied under § 1915(g), which prohibits prisoners who have three or more strikes from proceeding IFP or bringing further actions without pre-paying the filing fee.

In response, Plaintiff did not contest that he had accrued three strikes but, instead, asserted that he fit under an exception to the filing restriction, namely that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). After reviewing Plaintiff's submissions, however, the district court determined that he had offered only "vague and conclusory allegations in support of" his assertion of imminent danger and that he had "fail[ed] to link the alleged imminent danger to [his] claims." (R. at 50–51.) Accordingly, the court denied the IFP motion and ordered Plaintiff to pay the filing fee within a certain time.[1] When Plaintiff failed to

_____

[1] The court also denied a subsequent motion for reconsideration because the court "remain[ed] convinced" that Plaintiff had put forward only "vague and

2

timely pay the fee, the court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b) and entered judgment for Defendants.[2]  Plaintiff timely appealed.

On appeal, Plaintiff filed a motion to proceed IFP.  Like the magistrate judge, we noted that Plaintiff has accrued three strikes and ordered him to show cause why the appeal should not be dismissed for failure to prepay the filing fee or why the filing restriction does not apply.  In his response to the show-cause order, as in the district court, Plaintiff did not contest the three strikes but instead asserted that he is under imminent danger of serious physical injury.  We deferred ruling on Plaintiff's IFP motion and allowed him to file a brief on the merits.

As a threshold issue, before addressing the merits, we must determine whether § 1915(g) prevents us from considering Plaintiff's appeal.  *See Dopp v. Larimer*, 731 F. App'x 748, 750–52 (10th Cir. 2018).  "The 'three strikes' provision of the [IFP] statute applicable to indigent prisoners requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals."  *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (internal quotation marks and brackets omitted), *abrogated on other grounds by*

_____

conclusory," rather than "specific and credible[,] factual allegations demonstrating imminent danger of serious physical injury."  (R. at 64.)

[2] Following the denial of his motion for reconsideration, Plaintiff filed an amended complaint, which the court understood "to be another attempt to establish imminent danger of serious physical injury."  (R. at 92.)  The court nonetheless "remain[ed] convinced" that the "vague and conclusory allegations" in the amended complaint were "not specific and credible factual allegations demonstrating imminent danger of serious physical injury."  (*Id.*)  The court therefore dismissed the amended complaint.

3

*Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "There is only one exception to the prepayment requirement in § 1915(g), and it applies to a prisoner who 'is under imminent danger of serious physical injury.'" *Id.* at 1179 (internal citation omitted) (quoting § 1915(g)). "[A] prisoner qualifies for the exception if he makes 'specific, credible allegations of imminent danger of serious physical harm.'" *Dopp*, 731 F. App'x at 751 (quoting *Hafed*, 635 F.3d at 1179). "Allegations in the complaint [or appeal] of 'imminent danger' must not be 'vague and utterly conclusory.'" *Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 792 (10th Cir. 2012) (quoting *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)). Thus, if a prisoner relies on allegations of deliberate indifference to a medical need to satisfy the imminent-danger exception, "'he should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion,'" *id.* at 793 (internal quotation marks omitted) (quoting *Hafed*, 635 F.3d at 1180), and "identify at least 'the general nature of the serious physical injury he asserts is imminent,'" *Hafed*, 635 F.3d at 1180 (internal quotation marks omitted) (quoting *White*, 157 F.3d at 1232).

Further, "an inmate seeking the imminent danger exception must show 'a nexus between the imminent danger [he] alleges . . . and the legal claims asserted.'" *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)); *see also Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (concluding that assertion of imminent danger at one prison is insufficient when prisoner's claims relate only to actions by officials in a different

prison).  Determining if a sufficient nexus exists involves considering "whether the imminent danger of serious physical injury" alleged is "fairly traceable to unlawful conduct asserted in the complaint" or appeal and "whether a favorable judicial outcome would redress that injury." *Lomax*, 754 F. App'x at 759 (internal quotation marks and emphases omitted).

A three-strikes prisoner must sufficiently allege imminent danger in a trial court at the time his complaint is filed and in an appellate court at the time his appeal is filed. *See Dopp*, 731 F. App'x at 750–51; *Hafed*, 635 F.3d at 1179.  Although a prisoner should advance his allegations of imminent danger in his IFP motion, courts may also look to other filings as well, bearing in mind that prisoners seeking IFP status are almost always proceeding pro se. *See Hafed*, 635 F.3d at 1180.  In determining if a prisoner's allegations are sufficient to meet the imminent-danger exception, we construe his filings liberally and accept his well-pled allegations as true, *see Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008), and we require only that his allegations facially satisfy the threshold showing that the imminent-danger exception applies, *see Fuller v. Myers*, 123 F. App'x 365, 367–68 (10th Cir. 2005).

Liberally construed, Plaintiff's appellate filings allege the following.  Plaintiff has a lengthy history of irritable bowel syndrome, which has been diagnosed and documented in the Department of Corrections's own records.  The standard treatment for his condition is a fresh-food diet.  Despite Plaintiff's complaints, Defendants Kristy Holjenin and Charlene Crocket, who are responsible for prisoners' diets, have refused to provide him a fresh-food diet and have instead provided him food that he

5

cannot digest and that causes him "excruciating pain," prompting him to forego meals altogether.[3] (Answer to Order to Show Cause at 2.) Defendant Doctor Bryan Reichert has refused to prescribe a fresh-food diet, or to otherwise treat Plaintiff's IBS other than by prescribing fiber supplementation, based on medical tests that Plaintiff asserts are irrelevant. Aside from severe pain, his untreated IBS, along with a lack of digestible food, has also resulted in aggravation of a degenerative bone condition and swelling in his legs.

These allegations facially satisfy the threshold requirement to show that Plaintiff is under imminent danger of serious physical injury. Plaintiff has specified which of the Defendants (Holjenin, Crocket, and Reichert) denied him what treatment (a fresh-food diet) for what ailment (IBS) on what occasion (after he complained to Holjenin and Crocket and sought treatment from Reichert, and continuing into the present), and he has identified the general nature of the alleged imminent physical injuries (severe pain, aggravated bone degeneration, and leg swelling resulting from untreated IBS and an undigestible diet). *See Stine*, 465 F. App'x at 793; *Hafed*, 635 F.3d at 1180, *White*, 157 F.3d at 1232. These allegations are not vague or utterly conclusory but are instead specific, credible allegations of imminent danger of serious physical injury. *See Dopp*, 731 F. App'x at 751; *Stine*, 465 F. App'x at 792; *White*, 157 F.3d at 1231. "[W]e have previously held that a

_____

[3] Although portions of Plaintiff's brief might be read to suggest that prison officials provide him no food whatsoever, other portions of the brief and his other filings clarify that Plaintiff has opted to not eat the food he is provided at least in part to avoid the pain resulting from a non-fresh-food diet.

6

plaintiff's particularized 'allegations that Defendants have displayed a deliberate indifference toward his serious medical needs and denied him adequate medical treatment are sufficient to facially establish the . . . imminent and serious danger requirement for proceeding IFP.'" *Dopp*, 731 F. App'x at 751 (quoting *Davis. v. GEO Grp. Corr., Inc.*, 696 F. App'x 851, 855 (10th Cir. 2017)); *see Fuller v. Myers*, 123 F. App'x at 367 ("[D]eliberate indifference to a prisoner's serious medical conditions has been found to satisfy the [imminent-danger] requirement." (citing *Hunt v. Uphoff*, 199 F.3d 1220, 1222 (10th Cir. 1999))). Indeed, we have regularly held that specific allegations, roughly similar to Plaintiff's, of prison officials refusing to treat a prisoner's chronic condition that causes severe pain or aggravates debilitating symptoms are enough to facially satisfy the imminent-danger exception.[4]

---

[4] *See, e.g.*, *Dopp*, 731 F. App'x at 751–52 (holding allegations of "inadequately treated" and "worsening" "spinal condition . . . causing . . . unbearable pain" were sufficient); *Davis v. GEO Grp.*, 696 F. App'x at 854–55 (holding allegations that prisoner "has long suffered from substantial and chronic back pain," "cannot sit or stand for extended periods without being in terrible pain," "experiences a constant grinding in his neck and popping in his back," and has numbness in his limbs "whenever he tries to sleep on his side" were sufficient when prisoner also alleged officials diagnosed him with degenerative disease but provided inadequate treatment and refused to refer him to a specialist who might offer adequate treatment); *id.* at 855 (collecting cases); *Stine*, 465 F. App'x at 794–96 (holding allegations that prisoner suffers "reflux of blood, pain when he eats or talks, reduced ability to swallow without pain, and permanent damage to his esophagus lining" unless given a drug which officials refused to provide were sufficient (internal citations, quotation marks, and brackets omitted)); *id.* at 794 (collecting cases); *cf. Fuller v. Myers*, 123 F. App'x at 366–67 (holding allegations of "breathing difficulties and other respiratory problems," "[s]evere headaches, watery eyes, dust and lint in [the prisoner]'s mucous, [and] nose bleeds" caused by officials' refusal to clean the prison's ventilation system were sufficient).

7

Further, Plaintiff has shown a sufficient nexus between the imminent danger he alleges and the claims at issue on appeal. Plaintiff asserts that the district court erred by dismissing his claim, among others, that Defendants are violating his Eighth Amendment rights by being deliberately indifferent to his serious medical needs.[5] Specifically, Plaintiff alleges Defendants refuse to provide adequate medical treatment for his IBS and related conditions by failing to prescribe or offer him a fresh-food diet. He asks that his "case [be] sent back to District Court" "[s]o the court may compel the [prison] officials to provide the current standard accommodations they are not currently providing." (Appellant's Br. at 4, 12.) Thus, the imminent danger of serious physical injury Plaintiff alleges (harm resulting from inadequate treatment of IBS) is fairly traceable to the unlawful conduct he asserts on appeal (deliberate indifference to his IBS condition), and a decision in his favor (remand to the district court where his claim, if proved, might be redressed) could redress that injury. *See Lomax*, 754 F. App'x at 759.

---

[5] Plaintiff's complaint contains several claims that are either unrelated, or only tangentially related, to his IBS condition. The claim that *is* related to his IBS condition, however, is sufficient, as the imminent-danger exception is not evaluated on a claim-by-claim basis. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053–54 (9th Cir. 2007) ("[O]nce a prisoner satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims . . . [even if] a number of the claims in [the] suit unquestionably d[o] not allege an imminent danger of serious physical injury."); *Chavis v. Chappius*, 618 F.3d 162, 171–72 & n.7 (2d Cir. 2010) (reaching same conclusion and noting that all circuit courts to have considered this issue have held likewise, with citations to *Andrews* and cases from three other circuits).

Because Plaintiff has satisfied the imminent-danger requirement, he may proceed IFP in this appeal. We now turn to the merits.

Plaintiff asserts the district court erred in determining he had failed to satisfy the imminent-danger requirement, which ultimately resulted in dismissal. The allegations of imminent danger Plaintiff raised in the district court are the same allegation he raises in this appeal. Those allegations should have been as sufficient in the district court as they are here.[6]

---

[6] The standard of review applicable to a district court's determination as to whether the imminent-danger exception applies remains unsettled. At least two of our unpublished decisions have suggested the abuse-of-discretion standard applies. *See Davis v. Rice*, 299 F. App'x at 835; *Bakalov v. McCotter*, 141 F.3d 1184 (table), 1998 WL 165119, at *1 (10th Cir. 1998). However, at least three unpublished decisions have vacated a denial of IFP status after conducting what seems to be a de novo assessment of the imminent-danger allegations and apparently concluding that, if the allegations are sufficient for purposes of appellate IFP status, they are also sufficient for purposes of IFP status in the district court. *See Davis v. GEO Grp.*, 696 F. App'x at 853–56; *Fuller v. Wilcox*, 288 F. App'x 509, 510–11 (10th Cir. 2008); *Fuller v. Myers*, 123 F. App'x at 366–68. Decisions from other circuits are not helpful. A few circuits, like our circuit, seem not to apply a consistent standard. *Compare, e.g.*, *Jones v. U.S. Nat'l Fed. Debt Contractors*, No. 18-12570-D, 2019 WL 2567721, at *1 (11th Cir. Feb. 13, 2019) (de novo), *and Fourstar v. Eckroth*, 512 F. App'x 127, 127 (3d Cir. 2013) (de novo), *and Andrews*, 493 F.3d at 1052 (de novo), *with Brown v. Wolf*, 705 F. App'x 63, 66–67 (3d Cir. 2017) (abuse of discretion), *and Barber v. Krepp*, 680 F. App'x 819, 821 (11th Cir. 2017) (abuse of discretion), *and Bradford v. Ogbuehi*, 683 F. App'x 634, 635 (9th Cir. 2017) (abuse of discretion). A majority of the remaining circuits appear to apply a de novo standard. *See Shepherd v. Annucci*, 921 F.3d 89, 93 (2d Cir. 2019); *Wallace v. Baldwin*, 895 F.3d 481, 483 (7th Cir. 2018); *Coleman v. Crawford*, 571 F. App'x 502, 502 (8th Cir. 2014); *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012); *Foster v. Unidentified Party*, 34 F. App'x 963, 963 (5th Cir. 2002). *But see Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (applying abuse-of-discretion standard). However, their decisions do not offer much reasoning for the choice. We decline to determine here the appropriate standard of review because, under either standard, we would reach the same decision.

Accordingly, we **GRANT** Plaintiff's motion to proceed IFP in this appeal, **VACATE** the district court's order dismissing the action, **VACATE** the district court's order denying Plaintiff's motion to proceed IFP, and **REMAND** the case to the district court for further proceedings.  In so doing, we express no opinion as to the ultimate merits of this case.

Entered for the Court


Monroe G. McKay
Circuit Judge