**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOE FLOYD FULLER,

      Plaintiff-Appellant,

v.

LYNN MYERS, Sheriff, in his
official and individual capacity; BOB
GUYER, Maintenance Supervisor, in
his official and individual capacity;
JOHNSON COUNTY DETENTION
CENTER; NEW CENTURY ADULT
DETENTION CENTER; AIRPORT
ADULT DETENTION CENTER;
(FNU) MILES, Deputy Sheriff, in his
official and individual capacity;
(FNU) DECKER, Deputy Sheriff, in
his official and individual capacity;
(FNU) SANDERS, Deputy Sheriff, in
his official and individual capacity;
(FNU) SMITH, Deputy Sheriff, in his
official and individual capacity;
(FNU) BROWNLEE, Deputy Sheriff,
in his official and individual
capacity; (FNU) PUNCH, Deputy
Sheriff, in his official and individual
capacity; (FNU) GREENWOOD,
Deputy Sheriff, in his official and
individual capacity; (FNU) WILCOX,
Deputy Sheriff, in his official and
individual capacity; (FNU)
MAYBERRY, Deputy Sheriff, in his
official and individual capacity;
(FNU) GARRETT, Deputy Sheriff, in
his official and individual capacity;

No. 04-3210
(D.C. No. 04-CV-3162-GTV)
(D. Kan.)

(FNU) SCHWEGMAN, Deputy
Sheriff, in his official and individual
capacity; (FNU) ADELL, Deputy
Sheriff, in his official and individual
capacity; JUDY (LNU), Nurse, New
Century Adult Detention Center, in
her official and individual capacity;
MEDICAL STAFF, in their official
and individual capacities,

          Defendants-Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **TACHA,** Chief Judge **, HENRY,** and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joe Floyd Fuller appeals the district court's order denying his motion in this civil rights action to proceed in forma pauperis (IFP) in the district court.[1] The district court also denied Fuller leave to proceed IFP on appeal. Fuller has renewed his application to proceed IFP in this court. We grant Fuller leave to proceed IFP on appeal, vacate the district court's order denying IFP in that court, and remand for further proceedings.

The district court found that Fuller has "three strikes." That is, that on "[three] or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Fuller does not challenge his status as an inmate with three strikes, and we take judicial notice of the prior occasions mentioned in the district court's decision. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (permitting court of appeals to take judicial notice of strikes incurred in another court). As a consequence of his status, Fuller

---

[1] In its order denying IFP, the district court ordered Fuller to submit the full filing fee within thirty days, or see his action dismissed without prejudice. The district court never followed through with the threatened dismissal. The denial of leave to proceed IFP is itself, however, a final, appealable order over which we have jurisdiction. *Roberts v. United States Dist. Ct*., 339 U.S. 844, 845 (1950) (per curiam).

-3-

may not proceed IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The sole issue presented is whether, through the factual allegations of his complaint, Fuller has satisfied the "imminent danger of serious physical injury" requirement. [2] To meet his burden under § 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

In his first claim for relief, Fuller asserts the following:

> On or about 3/30/2004 the Plaintiff started suffering Severe headaches, watery eyes, dust and lint in Plaintiff's mucus, nose bleeds [. . . .]

> The Plaintiff . . . has been placed in some unsafe buildings, where [conditions are] causing the Plaintiff to suffer watery eyes, nose bleeds, severe headaches, and having lint and dust in his mucus.

> Something tells the Plaintiff that their ventilation systems needs cleaning inside and out. [Defendants'] actions place the Plaintiff under imminent danger of physical injury.

> Plaintiff's heads [sic] hurts all the time and he only rece[i]ves 600 mg of Motrin for the pain two (2) time[s] per day

---

[2]     Since IFP was denied before service of process on the defendants, we have no appellee's brief in this appeal.

. . . .

The Plaintiff also uses an Albuterol inhaler because of his already [sic] *difficulty in breathing* [.] [T]he Plaintiff's inhaler was [prescribed] by a Medical Doctor [some twenty] or more years ago, and now these Defendants have placed the Plaintiff in imminent danger. Also the water in New Century Detention Center[] needs testing by the E.P.A.

R. doc. 1, at 7 (emphasis added). [3]

While few cases from this circuit discuss the "imminent danger" exception, deliberate indifference to a prisoner's serious medical conditions has been found to satisfy the requirement. *See Hunt v. Uphoff*, 199 F.3d 1220, 1222 (10th Cir. 1999). The Third Circuit has found the "imminent danger" exception satisfied on facts similar to, but less serious than, those asserted in this case. In *Gibbs v. Cross*, 160 F.3d 962 (3d Cir. 1998), that circuit held that a prisoner who claimed that dust, lint and shower odors were causing him to suffer severe headaches, change in his voice, mucous that was full of dust and lint, and watery eyes, *see id.* at 964, had made a sufficient showing of an imminent danger of

---

[3] Fuller further complains that he has been prescribed medication that has caused his "kidneys to become very bad." R. doc. 1, at 31. He asserts that he has received "too much medications and not enough food." *Id.* In his brief in this court, however, he relies primarily on allegations about breathing difficulties caused by the prison's ventilation system. As his allegations concerning breathing difficulties are sufficient to show that he is in "imminent danger of serious physical injury" within the meaning of the statute, we need not consider his further allegations of side-effects from his medications on his kidneys.

serious physical injury under § 1915(g) to require a remand for further proceedings, *id.* at 965-67. *Cf. Helling v. McKinney*, 509 U.S. 25, 35 (1993) (recognizing cause of action under Eighth Amendment based on inmate's allegation that prison officials had, with deliberate indifference, exposed him to unreasonable levels of environmental tobacco smoke).

Given Fuller's assertion that he currently suffers from breathing difficulties and other respiratory problems, apparently exacerbated by the ventilation system where he is incarcerated, it appears that his complaint facially satisfies the threshold requirement of showing that he is in "imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g). *See Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997), *overruled on other grounds*, *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc) (stating complaint "alleging imminent danger . . . must be credited as having satisfied the threshold criterion of § 1915(g)."). We therefore vacate the district court's denial of IFP and to remand for further proceedings.

Our decision that Fuller's complaint facially satisfies the imminent danger requirement does not represent the final word on IFP proceedings in the district court. The district court should still dismiss Fuller's complaint through the screening process if it finds that the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief against an immune defendant. *See* 28

U.S.C. §§ 1915(e)(2)(B), 1915A(b). We further note that Fuller failed to attach copies of the applicable grievance forms, showing disposition, to his complaint, and that his complaint does not appear to describe with specificity the administrative proceedings relevant to his grievances and the outcome of those proceedings. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). On remand, the district court may dismiss the action without prejudice and without service of process if it finds, as part of the screening under §§ 1915(e) and 1915A, that Fuller has failed properly to allege or to document exhaustion of remedies.

If the district court finds the complaint to pass these hurdles, it should provisionally grant IFP and proceed with service of process. Once service of process has been achieved, the defendants are permitted to mount a factual challenge, based on full development of the facts, to the district court's provisional determination on the face of the complaint that Fuller satisfies the "imminent danger" element. *See Gibbs*, 116 F.3d at 86. In the event that they make such a challenge, the district court may resolve the factual issue of imminent danger by "rely[ing] upon evidence supplied by sworn affidavits or depositions, or, alternatively, [it] may hold a hearing." *Id.* at 86-87.

We GRANT Fuller leave to proceed IFP in this appeal, subject to the requirements in § 1915(b) that his custodian make initial and periodic payments

from his prison account when funds exist to do so, until the appellate and filing fees have been paid.  We VACATE the district court's order denying Fuller leave to proceed IFP in district court due to lack of a showing of "imminent danger of serious physical injury," and REMAND for further proceedings.

Entered for the Court

Robert H. Henry
Circuit Judge

04-3210 *Fuller v. Myers*

**O'BRIEN**, Judge, Dissenting

I would deny Fuller's petition to proceed ifp on appeal. He has not satisfied the statutory requirements.