**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EZEKIEL DAVIS,

     Plaintiff - Appellant,

v.

GEO GROUP CORRECTIONS, INC.;
AMBER MARTIN, Vice President of GEO
Group, Inc., individually and in her official
capacity; HECTOR RIOS, JR., Warden,
individually and in his official capacity;
CHRISTINA THOMAS, Medical
Supervisor, individually and in her official
capacity; FNU GONZAGA, Medical
Doctor, individually and in his official
capacity; LT. FNU DURANT, Grievance
Coordinator, individually and in his/her
official capacity; BUDDY HONAKER,
Medical Services Admin., individually and
in his official capacity; JOE M.
ALLBAUGH, Director ODOC,
individually and in his official capacity;
DAN RONAY, Supervisor-Correct Care
Solutions, individually and in his official
capacity; JANE DOE, Director, Lawton
Foot Clinic, individually and in her official
capacity; SHERYL DENTON, Nurse
Practitioner, individually and in her official
capacity; LT. FNU DAWSON, Grievance
Coordinator; MARGO SALDANA, Law
Library C.O.; FNU CLARK, C.O. assigned
to Law Library; SGT. FNU ADAMS,
Correctional Officer; FNU COLLINS,
Warden, Law Library Supervisor; FNU
CARLISLIE, Chaplain; MARK
KNUTSON, Director Designee; JOHN
DOE, Podiatrist, Lawton Foot Clinic, in his
individual and official capacity; FNU

No. 17-6059
(D.C. No. 5:16-CV-00462-HE)
(W.D. Oklahoma)

MUSALLAM, Physician, individually and in his/her official capacity; FNU McGEE, ODOC Medical Service Admin., individually and in his/her official capacity; FNU MINYARD, ODOC Contract Monitor, individually and in his/her official capacity,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Plaintiff-Appellant Ezekiel Davis, a state prisoner proceeding pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court denied Mr. Davis's motion to proceed in forma pauperis (IFP), and dismissed his complaint without prejudice when he failed to pay the full filing fee on time. Exercising jurisdiction under 28 U.S.C. § 1291, we grant Mr. Davis leave to proceed IFP on appeal, vacate the district court's order denying IFP in that court, and remand for further proceedings.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] We construe Mr. Davis's pro se filings liberally. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1310 (10th Cir. 2011).

2

**BACKGROUND**

Mr. Davis is a state prisoner in the custody of the Oklahoma Department of Corrections. On May 4, 2016, he filed his § 1983 complaint in the United States District Court for the Western District of Oklahoma, raising First and Eighth Amendment claims. He asserted that he has been denied adequate medical treatment by qualified personnel for severe back pain and a plantar wart, and that he has been denied footwear with adequate arch support. He alleged that he has suffered for over twenty-five years from back pain that causes him to be immobile for days at a time, that his back pain significantly affects his daily activities, and that his back pain is exacerbated by the lack of proper foot support. While Dr. Gonzaga gave him shots of a drug called Prednisone, he contended that Dr. Gonzaga and Medical Supervisor Christina Thomas rejected his requests to see an outside specialist. And even though he was provided arch support insoles, the insoles were far too small for his shoes. His requests for orthopedic shoes were also denied. Without proper medical treatment, he maintained, he will continue to suffer and his condition will deteriorate.

Along with his complaint, Mr. Davis filed a motion to proceed in forma pauperis. Applying the so-called "three-strike" rule under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), the magistrate judge recommended that the district court deny Mr. Davis's IFP motion and dismiss the case without prejudice unless he paid the full filing fee. Under the three-strike rule, a prisoner who has brought three or more civil actions that have been dismissed on the grounds that they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted,"

3

is barred from proceeding in further civil actions IFP unless he shows he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The magistrate judge identified three qualifying civil actions that Mr. Davis filed while incarcerated: (1) *Davis v. Moles*, No. 02-CV-110 (N.D. Okla. Feb. 8, 2002) (dismissing for failure to state a claim); (2) *Davis v. Jones*, No. 04-CV-819 (W.D. Okla. Aug. 24, 2004) (dismissing without prejudice for failure to state a claim); and (3) *Davis v. Ward*, No. 05-CV-558 (W.D. Okla. May 11, 2006) (dismissing for failure to exhaust administrative remedies, which at the time constituted a failure to state a claim). The magistrate judge then found that Mr. Davis failed to show that he was in imminent danger of suffering serious physical injury. She reasoned that his own documents showed he could, despite his indigent status, purchase athletic shoes from the canteen as instructed by his podiatrist, that he received silver nitrate to remove the plantar wart, and that he received medication for his back issues. And even though Mr. Davis insisted that he did not receive treatment from qualified medical personnel, his own allegations reflect that defendants responded to his medical needs. The district court adopted the magistrate judge's recommendation, and, when Mr. Davis did not pay the fee, dismissed the case.

On February 10, 2017, Mr. Davis filed a motion to reopen the case and to proceed IFP, arguing that he could now meet the imminent danger exception. He claimed that in November 2016, Dr. Musallam, who had apparently replaced Dr. Gonzaga, diagnosed him with "lumbar and cervical degenerative disk disease with probable spinal stenosis and radiculopathy." Mr. Davis alleged that Dr. Musallam

4

prescribed him a psychotropic drug called Trazadone, and that Ms. Thomas told Dr. Musallam to not refer Mr. Davis to a specialist. Mr. Davis further claimed that he still had an unremoved plantar wart. The district court ruled that these conditions do not rise to the level of serious physical injury contemplated in § 1915(g) and denied the motion. Mr. Davis appealed.

On March 15, 2017, we issued an order sua sponte noting Mr. Davis's three strikes under 28 U.S.C. § 1915(g), and directing Mr. Davis to show cause why his appeal should not be dismissed for failure to prepay the entire filing fee as required by § 1915(g), or why § 1915(g) does not apply to this proceeding. Mr. Davis timely submitted a response, in which he contends he has sufficiently shown he is in imminent danger of suffering serious physical injury and that § 1915(g) therefore does not apply. Mr. Davis also filed an application to proceed IFP, and we issued an order assessing fees in the form of partial payments, pending the resolution of this appeal.

## DISCUSSION

Congress designed the PLRA to control prisoner litigation. *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). To that end, the PLRA generally "requires all prisoners appealing decisions in civil actions to pay the full amount of the filing fees" up front. *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011). Indigent prisoners are often exempt from this rule, and "a prisoner proceeding IFP usually makes an initial partial payment and then pays the remainder of the filing fee in monthly installments." *Id.* But where a prisoner has previously filed three or more

5

civil actions or appeals in federal court that resulted in dismissals on the grounds they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), the prisoner "has 'struck out' from proceeding IFP in a new civil action or appeal," *Strope*, 653 F.3d at 1273. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011) ("Under PLRA, a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious, or for failure to state a claim.").

To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id.* at 1180 (internal quotation marks omitted). "Vague and utterly conclusory assertions are insufficient." *Id.* (internal quotation marks omitted). And "allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012) (unpublished) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)); *see also Hafed*, 635 F.3d at 1179 (stating that "a prisoner must have alleged an imminent danger at the

time he filed his complaint"); *id.* at 1180 ("An appellant should make his allegations of imminent danger in his motion for leave to proceed ifp.").

Mr. Davis maintains he has established he is in imminent danger of suffering serious physical harm because Defendants have displayed a deliberate indifference toward his serious medical needs.[2] Mr. Davis contends that he has long suffered from substantial and chronic back pain, that he cannot sit or stand for extended periods without being in terrible pain, that he experiences a constant grinding in his neck and popping in his back, and that his limbs go numb whenever he tries to sleep on his side. Mr. Davis also alleges that Dr. Musallam diagnosed him with degenerative disk disease, yet, at Ms. Thomas's direction, would not refer him to an outside specialist for an MRI. As a result, which of his disks are deteriorating is uncertain, the severity of his spinal stenosis is unknown, and the extent of his radiculopathy is unclear. Mr. Davis further alleges that the doctor told him "your [sic] just going to have [to] suffer the pain like we all do."

Admittedly, this is a close call. But taking Mr. Davis's averments as true, and giving Mr. Davis the benefit of the doubt as a pro se litigant, *see Stine*, 465 F. App'x at 793–94, we conclude that he has sufficiently pled he is in imminent danger of suffering serious physical harm. First, Mr. Davis has identified the general nature of the serious physical injury that he asserts is imminent. He alleges that he has long suffered from chronic and severe back pain that causes him to be immobile for long

---

[2] Mr. Davis does not contest that he has three qualifying strikes under the PLRA. Therefore, we confine our analysis to whether he has sufficiently alleged that he is in imminent danger of suffering serious physical injury.

periods and unable to sleep on his side without his limbs going numb. Indeed, Dr. Musallam diagnosed him in November 2016 with degenerative disk disease. Second, Mr. Davis has sufficiently referenced which defendants denied him treatment for his ailment and on what occasion. He alleges that neither Dr. Gonzaga nor Dr. Musallam nor Ms. Thomas permitted him to see a specialist so he could receive an MRI to understand the true nature of his disease, thus inhibiting his ability to receive appropriate treatment. This occurred both before and after Dr. Musallam's diagnosis. Mr. Davis's repeated contention that he received inadequate treatment for his severe back pain suggests his allegations are sufficiently credible for the purposes of granting him leave to proceed IFP.

To be sure, Mr. Davis's own allegations reveal that medical personnel visited with him numerous times, and that Dr. Gonzaga gave him shots of a drug called Prednisone while Dr. Musallam prescribed him a drug called Trazadone. And the district court concluded that Mr. Davis's allegations suggest prison officials were responsive to his medical needs. But Mr. Davis alleges that Dr. Gonzaga informed him Prednisone was bad for him, and that Trazadone is merely a psychotropic drug with mind- and mood-altering affects. And even though prison officials may have been responsive to Mr. Davis's medical needs, the thrust of his allegations is that the treatment he has received is inadequate and that he will continue to suffer debilitating back pain unless he receives an MRI and additional medical treatment in accordance with that examination. Mr. Davis's allegations that Defendants have displayed a deliberate indifference toward his serious medical needs and denied him adequate

8

medical treatment are sufficient to facially establish the PLRA's imminent and serious danger requirement for proceeding IFP. *See, e.g.*, *Stine*, 465 F. App'x at 794–95 (concluding that a prisoner satisfied the imminent and serious danger requirement where his allegations facially established that he would suffer from reflux of blood, pain when he eats or talks, a reduced ability to swallow without pain, and permanent damage to his esophagus lining if he is not provided the drug Omeprazole); *Fuller v. Myers*, 123 F. App'x 365, 366–68 (10th Cir. 2005) (unpublished) (holding that a prisoner's assertion "that he currently suffers from breathing difficulties and other respiratory problems, apparently exacerbated by the ventilation system where he is incarcerated," facially met the imminent and serious danger requirement, even though the prisoner used an inhaler and received 600 mg of Motrin two times per day for head pain); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding that a prisoner adequately alleged that he was in imminent danger of serious physical harm where he suffered from HIV and hepatitis, and his doctor stopped his prescribed treatment, causing him to "suffer[] prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains"); *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002) (holding that a prisoner's allegations that he needed two tooth extractions to prevent a possible infection in his mouth were sufficient "as a matter of law" to establish that he was "in imminent danger of serious physical injury"); *Gibbs v. Cross*, 160 F.3d 962, 965–66 (3d Cir. 1998) (finding that a prisoner's allegations that "unidentified dust particles were in his lungs and mucus, and that he [was] suffering from severe headaches,

9

watery eyes, and a change in his voice as a result" of being placed in a dusty cell were sufficient to meet the imminent danger requirement to proceed IFP).

Our conclusion that Mr. Davis facially satisfies the imminent and serious danger requirement of § 1915(g) is not the end of the matter. On remand, the district court may still dismiss Mr. Davis's complaint through the screening process if it determines that his complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Fuller*, 123 F. App'x at 367. If Mr. Davis survives the screening process, the district court should provisionally grant IFP and proceed with service of process. *Fuller*, 123 F. App'x at 367–68. Defendants may then make a factual challenge, based on a more complete record, to the district court's provisional determination that Mr. Davis satisfies the imminent and serious danger requirement. *Id.* If Defendants mount such a challenge, "the district court may resolve the factual issues of imminent [and serious] danger by relying upon evidence supplied by sworn affidavits or depositions, or, alternatively, it may hold a hearing." *Id.* (internal quotation marks omitted).

## CONCLUSION

We GRANT Mr. Davis leave to proceed IFP on appeal, VACATE the district court's order denying IFP, and REMAND for further proceedings.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

10