FILED
United States Court of Appeals
Tenth Circuit

March 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHARD LYNN DOPP,

　　Plaintiff - Appellant,

v.

RAY LARIMER; FRED SANDERS; FNU
BRISOLARA, Doctor; FNU BEVAN,
Doctor; GENESE McCOY,

　　Defendants - Appellees.

No. 17-6217
(D.C. No. 5:15-CV-00244-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Richard Dopp appeals the district court's dismissal of his 42 U.S.C. § 1983

claims.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Before considering the merits of Dopp's appeal, we must determine whether he

may proceed under 28 U.S.C. § 1915(g).  Pursuant to the Prison Litigation Reform

Act ("PLRA"), a prisoner may not "bring a civil action or appeal a judgment in a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

civil action" with in forma pauperis ("IFP") status if he had an action or appeal "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" on three prior occasions "unless the prisoner is under imminent danger of serious physical injury." Id. Noting that Dopp appears to have accrued more than three prior PLRA strikes, we entered an order to show cause why the appeal should not be dismissed for failure to prepay the filing fee.

In his response, Dopp does not deny that he has three strikes, but instead argues that he qualifies under the imminent danger exception. The district court granted Dopp leave to proceed IFP below because he advanced "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation and alteration omitted). Specifically, Dopp claimed that defendants were deliberately indifferent to his cervical spinal impairment with nerve impingement, which was causing him severe pain. However, after entering judgment in favor of defendants, the district court denied Dopp leave to proceed IFP on appeal because he merely referred generally to his prior filings.

To file a civil action without prepayment of fees under the imminent danger exception, "a prisoner must have alleged an imminent danger at the time he filed his complaint." Id. It appears our court has not yet decided whether a prisoner must allege a threat of harm at the time of an appeal to obtain IFP status on appeal. See id. at 1180 (noting the question but declining to reach it). The plain language of the statute indicates that such an allegation is required. See Woods v. Standard Ins. Co.,

2

771 F.3d 1257, 1263 (10th Cir. 2014) (if a "statute's language is plain, the sole function of the courts is to enforce it according to its terms" (quotation omitted)). A prisoner with three strikes may not "bring a civil action or appeal a judgment in a civil action . . . unless the prisoner is under imminent danger of serious physical injury." § 1915(g). By employing the disjunctive and the present tense, the statute provides that a prisoner may not appeal with IFP status unless he is in danger. See Hafed, 635 F.3d at 1179 (noting § 1915(g)'s use of the present tense).

Several of our sibling circuits have concluded that the imminent danger issue should be assessed at the time of an appeal. See Williams v. Paramo, 775 F.3d 1182, 1188 (9th Cir. 2015) ("[A] prisoner who falls within the three strikes provision and seeks forma pauperis status may be required to show that an imminent danger exists at the time the notice of appeal is filed."); Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013) (prisoner with three strikes "may proceed IFP if, at the time she filed her appeal, she was under imminent danger of serious physical injury" (quotation omitted)), abrogated on other grounds by Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 770 F.3d 144 (3d Cir. 2017); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred."); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (deying IFP status on appeal because appellant had not alleged "that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed"); see also Asemani v. U.S. Citizenship & Immigration Servs., 797 F.3d 1069,

3

1075 (D.C. Cir. 2015) (noting the issue but declining to resolve it).  The <u>Williams</u> decision provides the most extensive consideration of the issue, holding that courts should not "depart on appeal from the standard . . . developed for determining imminent danger at the time of the filing of the complaint."  775 F.3d at 1189.  We agree.  Given that appellate courts are "ill-equipped to engage in satellite litigation and adjudicate disputed factual matters" regarding "only a threshold procedural question—whether the filing fee must be paid upfront or later," <u>id.</u> at 1189, 1190, the proper course is to apply the same standard at the time a complaint is filed as when an appeal is taken.

As the district court correctly ruled in granting IFP status below, a prisoner qualifies for the exception if he makes "specific, credible allegations of imminent danger of serious physical harm."  <u>Hafed</u>, 635 F.3d at 1179 (quotation and alteration omitted).  And we have previously held that a plaintiff's particularized "allegations that Defendants have displayed a deliberate indifference toward his serious medical needs and denied him adequate medical treatment are sufficient to facially establish the PLRA's imminent and serious danger requirement for proceeding IFP."  <u>Davis v. GEO Grp. Corrs., Inc.</u>, 696 F. App'x 851, 855 (10th Cir. 2017) (unpublished).  Dopp alleged specific facts in his complaint, claiming that an inadequately treated spinal condition was causing him unbearable pain.  In his response to our show cause order, he claims that the condition is worsening.  We conclude Dopp has sufficiently alleged an imminent danger of serious physical injury.  <u>See</u> <u>Williams</u>, 775 F.3d at 1190.

4

## II

Although we conclude that Dopp has cleared the threshold requirements of § 1915(g), we nevertheless affirm the district court's dismissal of his action.[1]

## A

Dopp challenges the district court's grant of summary judgment in favor of Dr. Fred Sanders and Nurse Ray Larimer on his deliberate indifference claim. We review a grant of summary judgment de novo. Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on this claim, Dopp was required to show that his medical needs were "sufficiently serious" and that "the official knew of and disregarded an excessive risk to inmate health or safety." Al-Turki v. Robinson, 762 F.3d 1188, 1192 (10th Cir. 2014) (quotations and alterations omitted). A medical professional who serves in a gatekeeping role may be deliberately indifferent if he unreasonably "delays or refuses to fulfill that gatekeeper role due to deliberate indifference." Sealock v. Colorado, 218 F.3d 1205, 1211 (10th Cir. 2000).

As the district court explained, Dopp has failed to proffer evidence showing that Dr. Sanders or Nurse Larimer were subjectively indifferent to his medical needs. The record demonstrates that Dopp consistently received treatment for his condition, that he was referred to an outside provider for additional care, and that the outside

---

[1] Because Dopp is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

5

provider rescheduled Dopp's treatment on several occasions. On appeal, Dopp continues to assert disagreement with the treatment he received. However, he does not cite evidence sufficient to meet the subjective prong as to these defendants. See Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment."); Oxendine v. Kaplan, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." (quotation omitted)).

**B**

Dopp also argues that the district court erred in granting defendant Genese McCoy's motion to dismiss. We review de novo a district court's dismissal for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

We agree with the district court that Dopp failed to allege McCoy's "personal involvement in the alleged constitutional violation" sufficient to state a § 1983 claim against her. See Stewart v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012) (quotation omitted). Nor has Dopp alleged that his claimed injuries were caused by a policy of McCoy's sufficient to state a claim for supervisory liability. See Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010).

6

## C

Lastly, Dopp contends that his claim regarding inadequate dental care should not have been dismissed for failure to exhaust administrative remedies. "We review de novo the district court's finding of failure to exhaust administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Dopp argues that he was thwarted from completing the grievance process because prison officials returned a grievance under a restriction policy to which Dopp was subject without adequate explanation. We disagree. Prison officials indicated they returned the grievance because Dopp's accompanying affidavit was insufficient. Administrative requirements for the affidavit were set forth in plain language and had been provided to Dopp. As we have previously held, an inmate subject to grievance restrictions "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them." Thomas v. Parker, 609 F.3d 1114, 1118 (10th Cir. 2010) (quotation omitted).

## III

For the foregoing reasons, we **AFFIRM**. Dopp's motion to proceed IFP is **GRANTED**. We remind Dopp of his obligation to continue making partial payments until his appellate filing fee is paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge

7