**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JABARI J. JOHNSON,

    Plaintiff - Appellant,

v.

THOMAS LITTLE; JOY HUDGON;
DAVID LIGAC; PAUL AUDET;
CHANCE TURNER; KYLE MILLER;
CRAWFORD; MORONES; ANAYA;
BRADLEY VOGAN; KYLE MOORE;
RICHARD PEEK; LAMBKINS; FOX;
AYALA; COLLINS; KILPOLITES;
CASADY; HUNT; HOFFMAN; GILLIS;
VALLE; LATORRE; ELDEBI; COMBEE;
McCALLISTER; MARTIN;
DEFRANCISCO; TRAVIS ROOT;
JONERIC COX,

    Defendants - Appellees.

_____

JABARI J. JOHNSON,

    Plaintiff - Appellant,

v.

KATHLEEN BOYD,

    Defendant - Appellee.

_____

JABARI J. JOHNSON,

    Plaintiff - Appellant,

No. 20-1355
(D.C. No. 1:20-CV-02613-LTB)
(D. Colo.)

No. 20-1370
(D.C. No. 1:20-CV-02663-LTB)
(D. Colo.)

v.

STEPHANIE DALTON,

Defendant - Appellee.

No. 20-1389
(D.C. No. 1:20-CV-03068-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Jabari J. Johnson, a Colorado prisoner proceeding pro se, appeals from the district court's dismissal of three lawsuits for failure to comply with that court's previously imposed filing restrictions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of all three suits.[1]

## I. BACKGROUND

### A. *Mr. Johnson is subject to filing restrictions in the district court.*

Mr. Johnson has filed more than one hundred lawsuits in the district court. In March 2020, the district court imposed filing restrictions upon him. *Johnson v. Hawkins*, No. 19-cv-03730-LTB, at 2, 6 (D. Colo. Mar. 4, 2020) (unpublished).

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We consolidate these appeals for the sole purpose of this order and judgment. *See* Fed. R. App. P. 3(b)(2).

2

Among other requirements, the restrictions require Mr. Johnson to "properly complete a Court-approved prisoner complaint/habeas corpus application form by completing all sections of the form pursuant to the form instructions" and "provide a notarized affidavit that certifies the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filing complies with [the court's] injunction, Fed. R. Civ. P. 8," and other applicable rules. *Id.* at 2. Mr. Johnson did not appeal from the order imposing the filing restrictions.

### B. *Mr. Johnson must show "imminent danger of serious physical injury."*

In addition, 28 U.S.C. § 1915(g) imposes restrictions on Mr. Johnson. Under § 1915(g), a prisoner who has brought three or more actions or appeals that were dismissed as frivolous or malicious, or for failure to state a claim, may not proceed without prepayment of costs and fees "unless the prisoner is under imminent danger of serious physical injury." These restrictions apply both to civil actions in district court and appeals in circuit court.

The district court has dismissed at least three of Mr. Johnson's prior suits as frivolous. *See Johnson v. Hill*, No. 20-cv-00188-LTB, at 9, 11 (D. Colo. Mar. 6, 2020) (unpublished); *Johnson v. Hampton*, No. 20-cv-00161-LTB, at 8, 10 (D. Colo. Mar. 6, 2020) (unpublished); *Johnson v. Ponce*, No. 20-cv-00014-LTB, at 8-9, 10 (D. Colo. Mar. 4, 2020) (unpublished).[2] He therefore must either prepay costs and fees

---

[2] In show-cause responses in all three appeals, Mr. Johnson disputes whether the cited cases were frivolous. But he does not contest that the district court dismissed them as frivolous. He did not appeal from the judgments, and it is too late for him to try to appeal from them now. *See Bowles v. Russell*, 551 U.S. 205, 214

3

or demonstrate that he "is under imminent danger of serious physical injury" to proceed without prepayment in district court or this court.

## II. DISCUSSION

Mr. Johnson filed the suits underlying these appeals in the fall of 2020. In each case, the district court concluded that Mr. Johnson had failed to comply with its filing-restriction order and dismissed the suit. It also denied him leave to proceed on appeal without prepayment of costs and fees.

### A. *Mr. Johnson Has Satisfied the "Imminent Danger" Requirement to Proceed with These Appeals.*

Mr. Johnson filed in this court motions to proceed on appeal without prepayment of costs and fees. In each appeal, this court issued a show-cause order requiring Mr. Johnson to show that he "is under imminent danger of serious physical injury," as required by § 1915(g).

To satisfy § 1915(g), a prisoner must present "specific, credible allegations of imminent danger of serious physical harm." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted). "He should identify at least the general nature of the serious physical injury he asserts is imminent. Vague and utterly conclusory assertions are insufficient." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1180 (10th Cir. 2011) (brackets, citation, and internal quotation marks omitted),

---

(2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); Fed. R. App. P. 4(a)(1)(A) (setting a thirty-day appeal period). He is bound by the judgments in those suits. *See Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

4

*abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). "[W]e construe his filings liberally and accept his well-pled allegations as true, and we require only that his allegations facially satisfy the threshold showing that the imminent-danger exception applies." *Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019) (unpublished) (citation omitted).[3]

1. **No. 20-1355**

In appeal No. 20-1355, Mr. Johnson's show-cause response asserts that "he is deprived of his mandated Dr.s order of wheelchair forced to scoot and crawl on floor." No. 20-1355 Resp. at 2. His complaint alleges that he has been issued medical orders for a wheelchair, that he has shown the relevant documents to the defendants and told them that he is suffering pain, and that the defendants' refusal to allow him a wheelchair is "causing further pain and injury to Plaintiffs current injuries to feet, back, and leg as Plaintiff scoots and crawls on injuries." No. 20-1355 R. at 13.

We have recognized that "[i]f [a prisoner] does indeed require a wheelchair, the failure to provide him with one could result in a number of serious physical injuries." *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (unpublished).

---

[3] "Although unpublished orders and opinions generally are not considered binding precedent, . . . such an order or opinion may be relied on for the purpose of disposing of the issue presented if it has persuasive value with respect to a material issue in a case and would assist the court in its disposition." *United States v. Engles*, 779 F.3d 1161, 1162 n.1 (10th Cir. 2015). *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).

We therefore concluded that the prisoner's allegations of being deprived of a medically necessary wheelchair satisfied the imminent-danger exception. *See id.* Similarly, Mr. Johnson's allegations of being deprived of a medically necessary wheelchair, causing him pain and aggravating other injuries, satisfy § 1915(g).[4] We therefore grant the motion to proceed on appeal without prepayment of costs and fees in No. 20-1355.

2. **No. 20-1370**

In appeal No. 20-1370, Mr. Johnson's show-cause response asserts that he "is deprived of an inhaler to assist [him] with ongoing reocuring asthma attacks." No. 20-1370 Resp. at 2. He further asserts that his asthma "is marked by recurrent episodes of airway obstruction, manifested by labored breathing accompanied by weezing and coughing." *Id.* "[I]f not treated [he] could die." *Id.* His complaint alleges that he suffers from asthma, that he has requested an inhaler, and that he had active asthma attacks and was not provided or was deprived of an inhaler on three specific dates. It alleges that he suffers from shortness of breath, chest pain, and wheezing, and that he has been unable to breathe.

Mr. Johnson alleges a continuing medical need and that the defendant denied him a particular medication that he needed on at least three specific occasions. *See Hafed*, 635 F.3d at 1180 (stating that the prisoner "should make a specific

---

[4] The complaint and show-cause response in No. 20-1355 also refer to injuries from being deprived of a shower cell and showers and recreation. Having concluded that the wheelchair allegations satisfy § 1915(g), we need not consider those additional allegations.

reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion" (internal quotation marks omitted)). These allegations adequately show, under § 1915(g), that Mr. Johnson "is under imminent danger of serious physical injury." *See Fuller v. Myers*, 123 F. App'x 365, 367 (10th Cir. 2005) (unpublished) (holding that allegations of breathing difficulties and other respiratory problems caused by prison ventilation system established imminent danger); *see also Davis v. GEO Grp. Corr., Inc.*, 696 F. App'x 851, 855 (10th Cir. 2017) (unpublished) ("[A]llegations that Defendants have displayed a deliberate indifference toward [a prisoner's] serious medical needs and denied him adequate medical treatment are sufficient to facially establish the . . . imminent and serious danger requirement."). We therefore grant the motion to proceed on appeal without prepayment of costs or fees in No. 20-1370.

3. **No. 20-1389**

In appeal No. 20-1389, Mr. Johnson's show-cause response again asserts that the defendant has deprived him of a medically necessary wheelchair. The complaint makes the same assertions. For the same reasons discussed, these allegations satisfy § 1915(g). We therefore grant the motion to proceed on appeal without prepayment of costs or fees in No. 20-1389.

B. ***The District Court Did Not Abuse Its Discretion in Dismissing the Suits.***

Having determined that Mr. Johnson satisfies § 1915(g) in each of these appeals, we next consider the district court's dismissal orders. "We review for an abuse of discretion the district court's decision to impose the sanction of dismissal

7

for failure to follow court orders and rules." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *see also Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 800 (10th Cir. 2012) (unpublished) (reviewing dismissal pursuant to filing restrictions for abuse of discretion). "Under this standard, we will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (per curiam) (internal quotation marks omitted).

1. **No. 20-1355**

In appeal No. 20-1355, the complaint named thirty defendants. It alleged that they "failed to act to Plaintiffs disability . . . , depriving the Plaintiff of [Americans with Disabilities Act] accommodations of wheelchair and shower cell/shower and recreation from 6/11/20 - current date." No. 20-1355 R. at 13. The district court held that Mr. Johnson had not satisfied the filing restrictions. First, he instituted the litigation to harass the defendants. Second, the complaint did not comply with Rule 8 because it failed to state Mr. Johnson's claims in a clear and concise manner and to state personal participation by all the defendants. The court also noted that "the medical claims at issue are being addressed in cases pending before this Court." *Id.* at 52.

The district court did not abuse its discretion in concluding that the litigation was instituted to harass the defendants. As the court concluded, the complaint did not satisfy Rule 8. "[T]he pleading standard Rule 8 announces does not require

8

detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And the phrase "unadorned, the-defendant-unlawfully-harmed-me accusation" aptly describes the complaint. The complaint contains few specific allegations as to each defendant's conduct. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and "naked assertions devoid of further factual enhancement" do not satisfy Rule 8. *Id.* (brackets and internal quotation marks omitted).

Also, Mr. Johnson does not challenge the district court's conclusion that the medical issues raised in this suit were already being addressed in other pending cases. "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents*, 950 F.3d 754, 763 (10th Cir. 2020).

For these reasons, Mr. Johnson has failed to show that the district court abused its discretion in dismissing the complaint in No. 20-1355.

2. **No. 20-1370**

In appeal No. 20-1370, Mr. Johnson sued one defendant for not providing or for depriving him of an inhaler to treat his asthma. The district court held that he did not comply with the filing restriction to complete Section E of the pro se complaint form, which addresses prior lawsuits:

> To the extent that the Court is able to decipher the information Plaintiff has provided in Section E., the Court finds that (1) at least three of the cases he identifies are listed

9

twice; (2) ) in one of the cases he identifies he is not the named plaintiff, which he has been informed about this discrepancy before; and (3) he has filed 101 cases in this Court, not including his six most recent cases, but he only lists, to the extent the Court is able to identify each of the listed cases, 96 separate cases filed in this Court.

No. 20-1370 R. at 37. The court directed Mr. Johnson how to list his cases more legibly going forward.

On appeal, Mr. Johnson argues he cannot completely fill out Section E because the law librarian refuses to give him sufficient paper. Even assuming that is so, he does not challenge the district court's findings that his Section E contains errors, including an error that the district court has previously pointed out to him. As stated above, we may affirm if an appellant fails to challenge all of a district court's multiple grounds for a ruling. *See Rivero*, 950 F.3d at 763.

Mr. Johnson also attempts to challenge the filing-restriction order, asserting the district court lacked authority to issue it. But he did not appeal from the judgment in *Hawkins* when the district court imposed the restrictions, and it is too late for him to appeal from it now. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); Fed. R. App. P. 4(a)(1)(A) (setting a thirty-day appeal period). He is bound by *Hawkins*. *See Kinnell*, 265 F.3d at 1128.

For these reasons, Mr. Johnson has failed to show that the district court abused its discretion in dismissing the complaint in No. 20-1370.

10

3. **No. 20-1389**

The complaint in appeal No. 20-1389 alleges that the defendant first provided Mr. Johnson with a wheelchair and medical slip for it, but then removed the wheelchair in violation of his rights to equal protection, freedom of speech without retaliation, and to be free from cruel and unusual punishment. The complaint alleged also that Mr. Johnson had been deprived of a shower cell. The district court held that Mr. Johnson had failed to complete Section E of the pro se complaint form. Further, noting that he had already filed a complaint against this defendant regarding access to a wheelchair, the district court held that this suit was duplicative and an attempt to circumvent the pending case.

On appeal, Mr. Johnson reiterates that the law librarian will not provide enough paper for him to complete Section E. He further asserts, without any detail, that this case presents different claims from the other pending case. Apart from Section E, he has not adequately explained how the claims in this case differ from the claims in the other case, or why he could not have asserted all his claims against this defendant in the other case.

Finally, Mr. Johnson repeats his argument that the district court lacked authority to issue the filing restrictions in the first place. As stated above with regard to No. 20-1370, however, Mr. Johnson did not appeal from the judgment at the time, and he cannot appeal from it now.

For these reasons, Mr. Johnson has failed to show that the district court abused its discretion in dismissing the complaint in No. 20-1389.

11

## III.  CONCLUSION

In No. 20-1355, we deny Mr. Johnson's "Motion Requesting Injunction and Motion to Stay."  In Nos. 20-1370 and 20-1389, we deny his motions for a status report as moot.  In all three appeals, we grant his motions to proceed without prepayment of costs or fees, and we affirm the district court's judgments.

## IV.  WARNING

In the last six months, Mr. Johnson has filed 34 appeals in this court, 28 from orders dismissing his complaints for failure to satisfy the district court's filing restrictions.  To date, this court has dismissed 13 of Mr. Johnson's appeals for lack of prosecution (12 were from the district court's dismissals under its filing restrictions). The underlying suits name many of the same defendants, and the allegations in several of them are substantially similar.  The appeal documents also are duplicative.

**We place Mr. Johnson on notice that if he files future appeals from district court cases in which he has made no demonstrable attempt to comply with district court filing restrictions, this court may impose filing restrictions or other appropriate sanctions.**

"The right of access to the courts is neither absolute nor unconditional." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (brackets and internal quotation marks omitted).  Federal courts have inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam (internal quotation marks omitted).

12

Although "litigiousness alone is not a sufficient reason to restrict access to the court," Mr. Johnson's "abusive and repetitive filings have strained the resources of this court." *In re Winslow*, 17 F.3d at 315. As stated above, he also has filed more than one hundred lawsuits in the district court and is under filing restrictions in that court. *See Judd v. Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000) (considering litigation in other jurisdictions as grounds for filing restrictions). "[W]here . . . a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *In re Winslow*, 17 F.3d at 315 (internal quotation marks omitted).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge